11-643-cr
United States v. Borrajo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
           RAYMOND J. LOHIER, JR.,
           CHRISTOPHER F. DRONEY,
                      *Circuit Judges*,

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                      *Appellee*,

                 v.                                    No. 11-643-cr

LEONELO BORRAJO,
                      *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:        JAY S. OVSIOVITCH, Assistant Federal Public Defender (Elizabeth J. Switzer, Assistant Federal Public Defender, *on the brief*), *for* Robert G. Smith, Assistant Federal Public Defender, Western District of New York, Rochester, NY.

FOR APPELLEE: MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Leonelo Borrajo appeals from a judgment entered in the United States District Court for the Western District of New York convicting him, upon a plea of guilty, on one count of possession with intent to distribute cocaine, one count of maintaining premises for the purpose of manufacturing, distributing and using cocaine and marijuana, and one count of possessing a firearm in furtherance of a drug trafficking crime. Borrajo was sentenced principally to 84 months' imprisonment. On appeal, he challenges the District Court's determination that currency discovered in his home constituted the proceeds of drug activity that counted as conduct relevant to his sentence. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

In February 2009, the Rochester Police Department executed a search warrant at Borrajo's home in Rochester, New York and seized sixty-two grams of cocaine, a digital scale, a loaded revolver, a small quantity of marijuana, and $5,100 in cash, $5,000 of which was found in two jackets that belonged to Borrajo. After being indicted and then pleading guilty to the three drug- and firearm-related counts against him, Borrajo maintained that $4,000 of the seized currency belonged to his girlfriend, Mary Davila. Borrajo asked the District Court to exclude that amount in determining the drug quantity for which he should be held accountable at sentencing. See United States v. Jones, 531 F.3d 163, 175 (2d Cir. 2008) (where "seized currency appears by a preponderance of the

2

evidence to be the proceeds of narcotics trafficking, a district court may consider the market price for the drugs in which the defendant trafficked in determining the drug quantity represented by that currency"). To resolve the dispute, the District Court held an evidentiary hearing at which Davila testified that $4,000 of the seized cash belonged to her, not Borrajo, and did not represent drug proceeds. A police investigator testified for the Government that Borrajo acknowledged during the search, "'[E]verything in here is mine,'" but the investigator added that Borrajo "made that statement prior to . . . the money coming downstairs."

At Borrajo's sentencing, the District Court found Davila's testimony not credible. It then considered all of the currency in calculating the quantity of cocaine attributable to Barrajo, and sentenced Borrajo to two concurrent terms of imprisonment of twenty-four months each on the drug-related counts and a mandatory consecutive sixty-month term of imprisonment on the firearm count.

Borrajo argues that the District Court clearly erred in finding that the seized currency represented his drug proceeds rather than Davila's legitimate income. We reject the argument. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. When . . . credibility determinations are at issue, we give particularly strong deference to a district court finding." United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008) (internal quotation marks, alterations, and citation omitted). In finding Davila's testimony not credible, the District Court considered Davila's motive to lie in order to reduce Borrajo's term of imprisonment, her asserted knowledge of the precise sum of currency seized despite her failure to keep records, and her unusual assertion that she regularly moved the cash from one hiding place to another. After rejecting Davila's testimony, the District Court properly concluded that the seized currency constituted the proceeds of Borrajo's drug dealing.

We also reject Borrajo's argument that the District Court violated his Fifth

Amendment right against self-incrimination when, at sentencing, it stated that "[t]he defendant elected not to testify at the [evidentiary] hearing on January the 19th." A district court may not draw a "negative inference" from a defendant's exercise of his right under the Fifth Amendment not to testify, whether at trial or in connection with sentencing. Mitchell v. United States, 526 U.S. 314, 327-28 (1999). Because Borrajo failed to object to the statement below, we review it for plain error. The District Court did not draw any inference from Borrajo's decision not to testify. It referenced that decision only after summarizing the testimony of the police investigator, rejecting Davila's testimony as not credible, and finding that all of the seized currency "constituted proceeds of drug activity." On this record, we see no error, let alone plain error, in the District Court's statement.

We have considered all of Borrajo's arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court